UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAMON BARROW,

               Plaintiff,

        -against-

DEMETRIOUS JEFFERSON, C.E.O.; JORDAN
ALLAN, H.R.; MIKE SERIANO, D.S.P.
SUPERVISOR,

               Defendants.

26-CV-4001 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17; 42 U.S.C. § 1983; and the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. §§ 651 to 678, alleging that his employer subjected him to unsafe working conditions. He names as defendants: (1) Demetrious Jefferson, Chief Executive Officer of Guardian Express; (2) Jordan Allan, who appears to be a Human Resources employee at Guardian Express; and (3) Mike Seriano, "D.S.P. Supervisor" at Guardian Express. He seeks monetary relief.

By separate order, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons that follow, the Court dismisses the complaint but grants Plaintiff 30 days' leave to file an amended complaint to detail his Title VII claims.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff uses the court's general civil rights complaint form and indicates his intent to assert claims under Title VII, Section 1983, and OSHA. (ECF No. 1, at 4.) Plaintiff, however,

provides very few facts.[1] Plaintiff appears to allege that he "made a report to Amazon Human Resources regarding the negligence of Guardian Express." (*Id*. at 5.) He further alleges that on April 25, 2026, he "was threatened by Danny Koza," whose affiliation Plaintiff does not provide, "at the desk of Guardian Express." (*Id*.) He adds that Koza "placed something sharp to [his] lower back," which Plaintiff reported to the state police. (*Id*.)

Plaintiff also alleges that he "sustained minor scars on [his] arm due to Mike Seriano not submitting incident report per [Plaintiff's] text advisory on 4-14-26," which Plaintiff alleges "blatantly disregard[s] Amazon's set policy and procedure." (*Id.*) Finally, he  alleges that "Jordan Allen disregarded any and all set policy and procedures investigating said complaint towards Mike Seriano commenting 'bias' remark 'if she was at works or not[,] she's taking Mike Soriano's side regardless of any and all complaint[s]." (*Id*.) He seeks monetary relief.

## DISCUSSION

### A.     Title VII

Plaintiff indicates his intent to assert a claim of workplace discrimination under Title VII, as well as a claim of retaliation under Title VII.

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). The statute prohibits employers from mistreating an employee because of the employee's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

retaliating against an employee who has opposed any practice made unlawful by those statutes[2], *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Title VII does not provide for claims against individual employees. *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012).

Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001).

Plaintiff fails to state a claim under Title VII for several reasons. First, he provides no facts suggesting that his employer discriminated against him on the basis of his "race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a). While Plaintiff appears to allege unsafe working conditions and that a fellow employee may have intentionally harmed him, he does not provide any facts that would allow the Court to infer that those conditions and events were due to his employer's animus towards Plaintiff's race, color, religion, sex or national origin. In fact, Plaintiff does not assert that he is a member of any protected class at all. *See Brown*, 257 F.3d at 252 (explaining that "mistreatment at work, whether through subjection to a hostile environment or through such concrete deprivations as being fired or being denied a promotion, is actionable under Title VII *only when it occurs because of an employee's [ ] protected characteristic*,"

---

[2] To state a retaliation claim under Title VII, a plaintiff must allege facts showing that: "(1) [the] defendant[ ] discriminated—or took an adverse employment action—against him, (2) 'because' he has opposed any unlawful employment practice." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 90 (2d Cir. 2015) (quoting 42 U.S.C. § 2000e-3(a)). An employee's opposition to an unlawful employment practice is protected so long as he "had a good-faith, reasonable belief that [he] was opposing an employment practice made unlawful by Title VII." *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (internal quotation marks and citation omitted). A retaliatory purpose can be shown "indirectly by timing," such as when "protected activity [is] followed closely in time by adverse employment action." *Vega*, 801 F.3d at 90.

namely, race, color, religion, sex or national origin) (emphasis added). Because Plaintiff fails to allege that any adverse action, such as his unsafe working conditions, was *because of* his protected characteristic, he fails to state a claim under Title VII.

Second, Plaintiff also fails to state a claim of Title VII retaliation. While Plaintiff appears to allege adverse employment action in the form of dangerous working conditions and a fellow employee's attempt to physically harm him, he provides no facts that suggest that his coworkers took those actions "'because' [Plaintiff] opposed any unlawful employment practice." *Vega*, 801 F.3d at 90 (quoting 42 U.S.C. § 2000e-3(a)). Furthermore, because Plaintiff does describe when events occurred, the Court is unable to infer the existence of prohibited retaliation based on the timing of any adverse employment action. *See id.* Because Plaintiff fails to provide facts indicating his employer's or coworkers' motivations in subjecting him to unsafe working conditions—*i.e.* whether their conduct was motivated by Plaintiff's complaints regarding workplace discrimination—he fails to state a claim of Title VII retaliation.

Third, under Title VII, "liability for . . . discrimination [and retaliation] only [applies to] . . . an 'employer,'" as defined in 42 U.S.C. § 2000e(b).[3] *Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 197 (2d Cir. 2005); *see Speigel v. Schulmann*, 604 F.3d 72, 79-80 (2d Cir. 2010) (Title VII remedies do not generally allow for individual liability (citation omitted)). In the complaint, however, Plaintiff does not name his employer as a defendant. Instead, he names as defendants persons who appear to be employees or officers of his employer, who are not susceptible to liability under Title VII.

---

[3] For Title VII purposes, "[t]he term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b).

For these reasons, Plaintiff fails to state a claim under Title VII. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). If Plaintiff intends to pursue his Title VII discrimination claim in an amended complaint, he must name his employer as a defendant and set forth facts showing that his employer discriminated against him on the basis of his race, color, religion, sex or national origin. If Plaintiff intends to pursue his Title VII retaliation claim in an amended complaint, he must set forth facts showing his employer took adverse employment action against him, such as by allowing a hostile work environment, because Plaintiff opposed his employer's alleged violation of Title VII.

## B.       42 U.S.C. § 1983

Plaintiff checks the box on the court's complaint form indicating his intent to assert claims under 42 U.S.C. § 1983.

To state a claim under Section 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are therefore generally not liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (per curiam) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

The activity of a private person or entity may be considered state action for the purpose of Section 1983 liability in the following situations: (1) when the person or entity acts using the coercive power of the state or is controlled by the state (the "compulsion test"); (2) when the state provides significant encouragement to the person or entity, the person or entity willfully participates in joint activity with the state, or the person or entity's functions are entwined with

6

state policies (the "joint action" or "close nexus" test); or (3) when the state has delegated a public function to the person or entity (the "public function test"). *See Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012).

The fundamental question under each test is whether the private person or entity's challenged actions are "fairly attributable" to a state or local government. *Id.* (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). When analyzing whether a private person or entity functions as a state actor under Section 1983, a court must first "identify[ ] the specific conduct of which the plaintiff complains, rather than the general characteristics of the entity." *Id.* (internal quotation marks and citation omitted).

In the complaint, Plaintiff provides no facts suggesting that Defendants are government employees or that their conduct was "fairly attributable" to a state or local government. *Fabrikant*, 691 F.3d at 207. Instead, he appears to allege that they were employed by Guadian Express, a private entity, that did business with Amazon, another private entity. Plaintiff's allegations do not allow the Court to infer that that any Defendant in this action was a "state actor" for purposes of Section 1983. The Court therefore dismisses, for failure to state a claim, all claims under Section 1983. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## C.    OSHA

Plaintiff seeks damages under OSHA, but such a claim cannot proceed because a private individual, such as Plaintiff, cannot bring a claim under OSHA. *See Donovan v. Occupational Safety and Health Review Comm'n*, 713 F.2d 918, 926 (2d Cir. 1983) ("Under OSHA, employees do not have a private right of action."); *Quirk v. DiFiore*, 582 F. Supp. 3d 109, 115-16 (S.D.N.Y. 2022) (same). The Court therefore dismisses any workplace conditions claim Plaintiff may be attempting to assert under federal law.

**D.    Supplemental jurisdiction declined**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**E.    Leave to amend granted**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Title VII claims, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his Title VII claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. The Court declines supplemental jurisdiction of any state-law claims that Plaintiff asserts.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    May 26, 2026
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

\_\_\_\_\_CV_____

(Include case number if one has been
assigned)

Do you want a jury trial?

☐ Yes      ☐ No

## AMENDED

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with
the court should therefore *not* contain: an individual's full social security number or full birth
date; the full name of a person known to be a minor; or a complete financial account number. A
filing may include *only*: the last four digits of a social security number; the year of an individual's
birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule
of Civil Procedure 5.2.

---

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name            Middle Initial        Last Name

Street Address

County, City                          State                    Zip Code

Telephone Number                      Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name

Address where defendant may be served

County, City                          State                    Zip Code

Defendant 2:

Name

Address where defendant may be served

County, City                          State                    Zip Code

Defendant 3:

|  |
|---|
| Name |

|  |
|---|
| Address where defendant may be served |

| County, City | State | Zip Code |
|---|---|---|

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

|  |
|---|
| Name |

|  |
|---|
| Address |

| County, City | State | Zip Code |
|---|---|---|

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☐ race: _____

☐ color: _____

☐ religion: _____

☐ sex: _____

☐ national origin: _____

Page 3

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B. Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

Page 4

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐  did not hire me

☐  terminated my employment

☐  did not promote me

☐  did not accommodate my disability

☐  provided me with terms and conditions of employment different from those of similar employees

☐  retaliated against me

☐  harassed me or created a hostile work environment

☐  other (specify):  _____

_____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐    Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?    _____

☐    No

Have you received a Notice of Right to Sue from the EEOC?

☐    Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?    _____

When did you receive the Notice?    _____

☐    No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

☐    direct the defendant to hire me

☐    direct the defendant to re-employ me

☐    direct the defendant to promote me

☐    direct the defendant to reasonably accommodate my religion

☐    direct the defendant to reasonably accommodate my disability

☐    direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

Page 6

## VII.    PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |
| First Name            Middle Initial | Last Name |
| Street Address | |
| County, City | State            Zip Code |
| Telephone Number | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1.  Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2.  Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1.  You will no longer receive documents in the mail;

2.  If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3.  This service does *not* allow you to electronically file your documents;

4.  It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1.  I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2.  I have established a PACER account;

3.  I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4.  I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5.  I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6.  I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____

Name (Last, First, MI)

_____

Address                City                State                Zip Code

_____

Telephone Number                E-mail Address

_____

Date                Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007